note holders would be prejudiced by any default or delay in repayment of their loans. In addition, the substituted promissory notes that allegedly demonstrated that a repurchase of the loan occurred were not notarized, and they were undated with the exception of one dated approximately eight months before the repurchase transaction is alleged to have occurred. Based upon our review of the record as a whole, we conclude that the court erred in determining that the prejudice to the note holders outweighed petitioner's right to collect on its judgment.

Consequently, we reverse the order and judgment and reinstate the petition, and we remit the matter to Supreme Court for further proceedings, including a new hearing on the petition. The court may determine the rights of any claimant to the funds held in escrow upon the intervention of such party pursuant to CPLR 5225 (b) and 5227. We further direct that, pending the disposition of the petition, the second, third and sixth ordering paragraphs of the order of this Court dated November 5, 2010 shall continue to be in full force and effect unless modified by Supreme Court in accordance with our decision herein, and we expressly incorporate those ordering paragraphs into our order in appeal No. 2. We note that petitioner has made several motions in this Court seeking discovery with respect to Resolution's compliance with the conditions of the order of this Court dated November 5, 2010. We refer those matters to Supreme Court, to be resolved in conjunction with the further proceedings on the petition.

We have considered petitioner's remaining contentions and conclude that they are without merit, or are academic in light of our determination. Present—Smith, J.P., Peradotto, Lindley, Sconiers and Martoche, JJ.

■ In the Matter of DOUGLAS J. GIAMBRONE et al., Petitioners, v ALEXANDER B. GRANNIS, Commissioner, New York State Department of Environmental Conservation, et al., Respondents. [940 NYS2d 517]—Motion for reargument denied. Present—Smith, J.P., Fahey, Lindley and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRIS HANKS, Appellant. [940 NYS2d 517]—Motion for reargument denied. Present—Scudder, P.J., Smith, Lindley and Sconiers, JJ.

■ In the Matter of CITY OF ROCHESTER for a Warrant to Inspect 449 CEDARWOOD TERRACE, CITY OF ROCHESTER, COUNTY OF MONROE, STATE OF NEW YORK. JILL CERMAK et al., Appellants, v CITY OF ROCHESTER, Respondent. (Appeal No. 1.) [940 NYS2d 517]—Motion for reargument or leave to appeal to the